UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PEBBLE BEACH INVESTMENT GROUP, LLC,<br><br>  Plaintiff,<br><br>v.<br><br>SQUARE ONE STARTS, LLC,<br><br>  Defendant. | Case No. 21-cv-00522-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS**<br><br>Re: Dkt. No. 25 |

Square One's motion to dismiss is granted as to all claims except the breach of contract claim. Although it seems highly unlikely that Pebble Beach will ever be able to state a claim for negligence or breach of fiduciary duty, leave to amend will be granted in an abundance of caution.

1. <u>Misrepresentation and Unfair Competition claims</u>. Pebble Beach has failed to adequately plead a negligent misrepresentation claim, intentional misrepresentation claim, or unfair competition claim (which is premised on the misrepresentation claims). For a statement to be an actionable misrepresentation, it must make a specific and measurable claim capable of being proved false or of being reasonably interpreted as an objective fact. *See Patt v. Antech Diagnostics, Inc.*, 2019 WL 6654078, at *6 (C.D. Cal. July 30, 2019). General, vague, or subjective statements, including nondescript claims of product superiority or claims of "dependability, reliability, or accuracy," are mere puffery (no pun intended) and are not actionable. *Id.*

The only alleged misrepresentations identified in the complaint are Square One's statements that it had "Large-Scale Capacity & Predictability," "State-of-the-Art Facilities," and

"the experience, resources, training, facilities, and capability" to germinate Pebble Beach's seeds. These representations, standing alone, are generalized, non-quantifiable claims. *See Finkelstein v. AXA Equitable Life Insurance Co.*, 2017 WL 10443167, at *3 (N.D. Cal. June 21, 2017); *Marcus v. Apple, Inc.*, 2015 WL 151489, at *5 (N.D. Cal. Jan. 8, 2015). It may be that the context in which Square One stated it had the "experience, resources, training, facilities, and capability" to germinate Pebble Beach's seeds rendered those statements specific enough to be actionable. *See, e.g.*, *Cohen v. Ellison First Asia, LLC*, 2020 WL 3643484, at *6 (C.D. Cal. Mar. 27, 2020). But without further factual allegations, the misrepresentation-related claims fail.

    2. <u>Negligence</u>. Pebble Beach has failed to allege facts to support its negligence claim. Under California law, a plaintiff bringing a negligence claim to recover purely economic losses stemming from the performance of a contract must allege facts showing that the parties have a "special relationship" giving rise to a duty independent of the contract. *See Whitesides v. E*TRADE Securities, LLC*, 2021 WL 930794, at *4-6 (N.D. Cal. Mar. 11, 2021); *McMillan v. Connected Corporation*, 2010 WL 11549680, at *6-8 (C.D. Cal. Dec. 6, 2010). Pebble Beach's conclusory allegation that Square One "owed a duty of care to [Pebble Beach] because they were entrusted with [Pebble Beach's] seeds" is insufficient.

    3. <u>Breach of Contract</u>. Pebble Beach has adequately stated a breach of contract claim. To plead such a claim, Pebble Beach must only "allege the material terms of a specific contract, state that [it] performed [its] own obligations under that contract or was excused from performing them, and state which obligations [the] defendant allegedly breached." *Langan v. United Services Automobile Association*, 69 F. Supp. 3d 965, 980 (N.D. Cal. 2014). The complaint alleges that on June 29, 2020, Pebble Beach and Square One entered into a contract pursuant to which Square One would germinate 14,400 of Pebble Beach's Kush Hemp seeds in exchange for $3,312. The complaint also alleges that Pebble Beach gave the seeds and the payment to Square One, satisfying its obligation under the contract, and that Square One failed to perform its obligation by allowing thousands of the Kush Hemp seeds to be destroyed. Together, these allegations support a breach of contract claim.

4. <u>Breach of Fiduciary Duty</u>. Pebble Beach has failed to adequately plead a breach of fiduciary duty claim. "[A] fiduciary relationship generally does not arise out of ordinary arms-length business dealings," and only exists when an entity "has knowingly undertaken" fiduciary responsibilities, or "when the law imposes the duty in special relationships such as agency, partnership or joint venture." *World Surveillance Group Inc. v. La Jolla Cove Investors, Inc.*, 66 F. Supp. 3d 1233, 1235 (N.D. Cal. 2014) (citing *City of Hope National Medical Center v. Genentech, Inc.*, 43 Cal. 4th 375, 386 (2008)). The complaint contains no factual allegations supporting the notion that Square One knowingly entered into a fiduciary relationship, acted as Pebble Beach's agent, or carried out "a single business enterprise jointly for profit" with Pebble Beach, as required for a joint venture or partnership. *Pellegrini v. Weiss*, 165 Cal. App. 4th 515, 525 (2008).

Square One's motion to dismiss is granted except as to the breach of contract claim. Discovery can move forward on that claim. Any amended complaint should be filed within 14 days of this order. Square One has 14 days to respond to the amended complaint, or 14 days following the deadline to answer, if no amended complaint is filed.

**IT IS SO ORDERED.**

Dated: June 21, 2021

VINCE CHHABRIA
United States District Judge